# IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| **MARQUEZ JORDAN,**<br><br>            Plaintiff,<br><br>v.<br><br>**SADIE WEEKLEY, Individually and in his official capacity, and CITY OF MARSHALLTOWN**<br><br>            Defendant. | CASE NO: _____<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

**COMES NOW,** Plaintiff Marquez Jordan and files this Complaint for damages under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. In Support thereof, Mr. Jordan states as follows:

## INTRODUCTION

1. On May 13, 2022, Mr. Jordan was shot and significantly wounded by Sergeant Sadie Weekly of the Marshall County Police Department.

2. There was no objectively reasonable need to use deadly force when questioning Mr. Jordan.

## PARTIES

3. Plaintiff Marquez Jordan was seventeen (17) years old at the time of his arrest.

4. Plaintiff Marquez Jordan was a resident of Marshall County, Iowa.

5. Defendant Sadie Weekly is a Sergeant with the Marshalltown Police Department.

6. Defendant City of Marshalltown is a municipality, as defined by Iowa Code Section 670.1(2).

**JURISDICTION AND VENUE**

7. This case presents a federal question under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments o the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

8. Upon service of process, this Court acquires personal jurisdiction of the Defendants under Fed. R. Civ. P. 4(k)(1)(a).

9. Venue is proper in the Southern District of Iowa under 28 U.S.C. §1391(b) because all acts occurred within this District and Division.

**FACTUAL ALLEGATIONS**

10. On May 13, 2020, Marshalltown Police Officers responding to a 911 call regarding an attempted break-in within Marshalltown, Iowa.

11. While responding to this call, Marshalltown Police Officers located Plaintiff Marquez Jordan walking down the sidewalk on Summit Street in Marshalltown, Iowa.

12. Marshalltown Police Officers surrounded Plaintiff Marquez Jordan, and while attempting to detain him, shot and significantly wounded Plaintiff Marquez Jordan.

13. Following this use of force, Plaintiff Marquez Jordan was taken by ambulance to the hospital for treatment.

14. Plaintiff continues to suffer from the effects of that injury.

15. Plaintiff has suffered and continues to suffer from physical pain, and mental and emotional distress as a result of Marshalltown Police Officers.

**COUNT I-** *Excessive Force*

*Under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments*

16. Plaintiff repleads paragraphs 1 though 14 as if fully set forth herein.

17. Defendant Weekley is a person for the purposes of the Section 1983 action for damages.

18. At all times material hereto, Defendant Weekley's actions and/or omissions were made under the color of authority and law as an officer for Marshalltown Police Department.

19. On or about May 13, 2020, Defendant Weekley violated Plaintiff's clearly established constitutional rights, to wit: by using excessive force in the arrest of Mr. Jordan.

20. Defendant Weekley violated Plaintiff's Fourth and/or Fourteenth Amendment Rights under the United States Constitution to be free form excessive force.

21. There was no need to use deadly or unreasonable force against Plaintiff.

22. At the time of the application of force, Plaintiff was unarmed and a minor.

23. The amount of force used was excessive, unreasonable, and unnecessary under the circumstances.

24. Defendant Weekley demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's civil and constitutional rights by his use of force against Plaintiff Marquez Jordan.

25. Plaintiff suffered serious physical injuries as a result of the use of deadly force.

26. Defendant Weekley's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances.

27. Defendant Weekly acted with malicious intent when she shot Plaintiff.

28. On July 2, 2018, the law was clearly established that law enforcement officers were prohibited from using deadly force to apprehend suspects unless the suspect posed an immediate threat of serious physical harm.

29. Defendant Weekley's actions and use of force, as described herein, were malicious, oppressive and taken with reckless disregard to Plaintiff's constitutional rights such that Plaintiff may recover punitive damages against Defendant Weekley.

WHEREFORE, Plaintiff Marquez Jordan demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against Defendant Weekley in an amount ot be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c) That Plaintiff be awarded nominal, compensatory, special, and punitive damages;

d) That Plaintiff be awarded attorneys' fees under 42 U.S.C §1988;

e) That all costs of this action be taxed against Defendant Weekley; and

f) That the Court award any additional or alternative legal or equitable relief as may be deemed appropriate under the circumstances.

## **COUNT II** *Respondeat Superior*

*Under Iowa Code §670.2 (Against Defendant City of Marshalltown)*

30. Plaintiff repleads paragraphs 1 through 47 as if fully set forth herein.

31. Defendant City of Marshalltown is a municipality, as defined by Iowa Code §670.1(2)

32. Under Iowa Code §670.2(1), every municipality is subject to liability for its torts and those of its officers and employees, acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function.

33. At all times material hereto, an employer- employee relationship existed between Defendant City of Marshalltown as the employer, and Defendant Weekley as the employee.

34. At all times material hereto Defendant Weekley was acting within the scope of his employment by Defendant City of Marshalltown.

35. Under the doctrine of Respondeat Superior, Defendant City of Marshalltown is liable for the aforementioned conduct of Defendant Weekley.

36. As a result of the conduct of Defendant Weekley, Plaintiff sustained damages as previously set forth in this Petition.

WHEREFORE, Plaintiff demands the following:

a) Judgment against Defendant Weekley and Defendant City of Marshalltown in an amount which will fully and fairly compensate Plaintiff for his physical, mental, and emotional injuries and damages;

b) Compensatory damages;

c) For interest and costs as allowed by law; and

d) Any such other relief which may be just under the circumstances

### JURY DEMAND

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and hereby demands a trial by jury on this matter on all counts to which Plaintiff is entitled to a jury.

Respectfully submitted May 13, 2022.

                                                Respectfully submitted,

                                                /S/     Jeff Carter
                                                Jeff Carter, AT0001487

                                                JEFF CARTER LAW OFFICES, P.C.
                                                300 Walnut Street, Suite 260
                                                Des Moines, Iowa 50309
                                                Tel:  515.557.1961
                                                Fax: 515.557.1962
                                                jeff@jeffcarterlaw.com
                                                ATTORNEY FOR PLAINTIFF