UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARQUEZ JORDAN,<br><br>        Plaintiff,<br><br>vs.<br><br>SADIE WEEKLEY, individually and in his official capacity; and CITY OF MARSHALLTOWN,<br><br>        Defendants. | 4:22-CV-00165-SMR-HCA<br><br>REPORT AND RECOMMENDATION CONCERNING DISMISSAL OF PLAINTIFF'S CLAIMS |

Before the Court is Defendants' Motion to Dismiss on the basis that Plaintiff Marquez Jordan has not complied with Court orders following the withdrawal of his attorney.[1] ECF No. 25.  Mr. Jordan has not filed any response to the Motion to Dismiss.

Mr. Jordan filed a Complaint on May 13, 2022, against Sadie Weekley and the City of Marshalltown alleging Defendant Weekley used excessive force in Mr. Jordan's arrest in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. *Id.* ¶¶ 16–29. Mr. Jordan also claimed the City of Marshalltown is liable for Defendant Weekley's conduct under the doctrine of respondeat superior and under Iowa Code section 670.2 *Id.* ¶¶ 30–36. At that time, Mr. Jordan was represented by counsel, Jeff Carter. The Court allowed Attorney Carter to withdraw on October 12, 2022. Order Granting Mot. Withdraw Attorney, ECF No. 16.

---

[1] Defendants filed a motion to dismiss on the same basis on November 14, 2022. ECF No. 20. On December 14, 2022, the Court ordered Defendant to show proof that a copy of the Motion to Dismiss had been served on pro se Plaintiff.  The original certificate of service noted that the Motion was served on counsel of record via CM-ECF and not on Mr. Jordan personally.  Mr. Jordan has not been represented by counsel since October of 2022. Defense counsel has now filed a notice indicating that a copy of the Motion to Dismiss was mailed to Mr. Jordan at his last known addresses provided by his former attorney. ECF No. 27.

On August 18, 2022, before Attorney Carter was permitted to withdraw, the Court directed him to provide the Court with Mr. Jordan's written approval of Attorney Carter's withdrawal. Text Orders, ECF Nos. 7, 13, 14. The Court instructed Mr. Jordan in his letter providing written consent of withdrawal to "indicate whether he plans to pursue his case and get new counsel, represent himself, or dismiss the case." Text Order, ECF No. 7. Mr. Jordan did not provide his written consent to Attorney Carter's withdrawal, nor did he provide any indication about his plans to pursue the case.

On September 23, 2022, the Court directed Attorney Carter to file an affidavit explaining whether good cause existed for his proposed withdrawal. Text Order, ECF No. 14. The Court further instructed Mr. Carter to provide "all contact information Counsel has for Plaintiff, including mailing address, email, and phone numbers." *Id.* On September 29, 2022, Attorney Carter filed his affidavit, which complied with the Court's Order. Affidavit Mot. Withdraw, ECF No. 15. In the Order granting Attorney Carter's withdrawal, the Court provided Mr. Jordan "30 days to retain new counsel, continue pro se, or dismiss the case." Order Granting Mot. Withdraw Attorney, ECF No. 16. In addition, the Court ordered Mr. Jordan to "provide the Court with current contact information as to where he can be reached." *Id.* Finally, Mr. Jordan was cautioned "a failure to comply with the Order could result in sanctions, including possible dismissal of his claims." *Id.*

The Court mailed Mr. Jordan copies of the Order Granting Attorney Carter's Motion to Withdraw by certified and regular mail to the addresses provided to the Court by Attorney Carter. On October 19, 2022, and October 24, 2022, the Court received certified mail receipts indicating the mail was delivered, although neither receipt was signed by Mr. Jordan. ECF Nos. 18, 19.

On November 14, 2022, after no response from Mr. Jordan, the Court provided him until December 2, 2022, "to retain new counsel, continue pro se, or dismiss the case," and to "provide the Court with current contact information as to where he can be reached." Text Order, ECF No. 21. The Court mailed Mr. Jordan copies of the Order by certified and regular mail to the addresses provided to the Court by Attorney Carter in his affidavit. The Court received a certified mail receipt from one address indicating the mail was undelivered, but referencing a forwarding address in Toledo, Iowa (hereinafter "Forwarding Address"), however, another certified mail receipt from a different address (Marshal County Jail) indicated the mail was delivered. ECF Nos. 23, 24.

On December 14, 2022, the Court mailed a copy of the Order Granting Motion to Withdraw Attorney, a copy of the November 14, 2022 text order, and a copy of the Motion to Dismiss filed on December 5, 2022, to Mr. Jordan at the Forwarding Address noted on the previously mentioned receipt. The Court received a certified mail receipt indicating the mail was delivered to Mr. Jordan at the Forwarding Address on December 27, 2022. ECF No. 28. Mr. Jordan, however, has failed to respond to any of the Court's orders.

Local Rule 41(a)(4) permits the Clerk of Court to enter an order dismissing a case where a deadline set by the Court has been exceeded by more than 30 days. L.R. 41(a)(4). Federal Rule of Civil Procedure 41 also provides for dismissal for failure to comply with Court orders. Fed. R. Civ. P. 41(b); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Mr. Jordan has failed to comply with the Court's Orders of August 18, 2022, October 12, 2022, and November 14, 2022. ECF Nos. 7, 16, 21.

Despite certified mail receipts sent to three last known addresses for Mr. Jordan showing that several of the mailings were delivered, to the Court's knowledge, Mr. Jordan has made no attempts to contact the Court since at least October 12, 2022.

**IT IS RESPECTFULLY RECOMMENDED** that Judge Rose **grant Defendant's Motion to Dismiss, ECF No. 25,** on the basis of Plaintiff Jordan's failure to prosecute and failure to comply with Court orders. Fed. R. Civ. P. 41(b); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). It is also recommended that Judge Rose **dismiss as moot Motion to Dismiss, ECF No. 20.**

**IT IS ORDERED** that Mr. Jordan has until January 31, 2023**,** to file any written objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objection filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to timely file objections may constitute a waiver of Plaintiff's right to appeal questions of fact and may result in dismissal of his lawsuit. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 n.1, 345–346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

The Court will mail a copy of this Order to Mr. Jordan, via regular and certified mail, to all three addresses that the Court has for Mr. Jordan, including the Forwarding Address.

**IT IS SO ORDERED.**

Dated January 9, 2023.

Helen C. Adams
Chief U.S. Magistrate Judge